IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2008 MAR 12  A 9:38

| | |
|---|---|
| JOHN ADRIAN YUNG, IV, individually ) <br> and on behalf of all others similarly ) <br> situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF MONTGOMERY ) <br> ALABAMA, and PATRICK J. MURPHY ) <br> as City Administrator, ) <br> ) <br> Defendants. ) | Case No: 2:08-CV-170 |

## COMPLAINT

### I.   JURISDICTION AND VENUE

This Court has jurisdiction of the case under 28 USC §1331 and 42 USC §1983.

Venue is proper in the Middle District of Alabama.

### II.   PARTIES

1. The Plaintiff, John Adrian Yung, IV, is an adult resident of the State of Alabama, the Plaintiff brings this action on behalf of himself and others similarly situated.

2. The Defendant, City of Montgomery (the "City") is a municipal corporation located in Montgomery County, Alabama. Pursuant to Alabama law, the City has established and operates a Municipal Court.

3. The Defendant, Patrick J. Murphy ("Murphy") is the Court Administrator of the Municipal Court. As such, he is responsible for the daily administrative operations of the Montgomery Municipal Court.

### III. GENERAL FACTUAL ALLEGATIONS

4. On or about November 25, 2006, in the City, the Plaintiff was issued a traffic ticket, charging him with the offense of "running a stop sign."
5. The Plaintiff was subsequently convicted of that offense in the Montgomery Municipal Court on or about February 15, 2007. He was fined $20.00 and ordered to pay court costs of $103.00.
6. On or about February 27, 2007, the Plaintiff appealed his conviction to the Circuit Court of Montgomery County, Alabama. In order to perfect that appeal, the Plaintiff was required, by the City, and Defendant Murphy, to post a $500.00 appeal bond. (Pursuant to Rule 30.3 ARCr.P.) Further, and in violation of the law, the Defendants required the Plaintiff to pay the costs of court and subpoena fees (totaling $110.00) as a precondition of accepting his notice of appeal.
7. On appeal, and upon the motion of the City Attorney, the case against the Plaintiff was "nol prossed" by the Circuit Court on May 24, 2007. Thereafter, the Circuit Court repaid to the Plaintiff the $500.00 cash appeal bond that he had posted. However, dispute repeated requests, the Defendants have failed and refused to refund the $110.00 paid by Plaintiff as court costs and subpoena fees.

### IV. CLASS ACTION ALLEGATIONS

8. The Plaintiff brings these claims on behalf of himself all members of the class composed of persons that file appeals in the municipal court that were denied a refund of costs incurred upon a successful outcome of said appeal process.
9. The Plaintiff makes the following allegations and averments with regard to the propriety of maintaining this action as a class action:
    A. That the class is so numerous that joinder of all members is impractical;
    B. That there are questions of law and questions of fact common to the class;
    C. That his claims are typical of the claims of the entire class which arise from the same operative facts and are based on the same legal theories;
    D. That in his representative capacity he will fairly and adequately protect the interest of the class;

    E. That prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants herein;

    F. That the Defendants have acted or refused to act on grounds legally applicable to the class, thereby making appropriate final relief with respect to the class as a whole;

    G. That questions of law and fact common to the members of the class predominate over any questions effecting only individual members, and that a class action is superior to other available methods for the fair and effective adjudication of this controversy.

    H. That the Plaintiff has retained counsel experienced in handling class actions and other actions which have claims similar to those expressed in this complaint. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

WHEREFORE, premises considered, the Plaintiffs request this Honorable Court to enter an Order in accordance with the Federal Rules of Civil Procedure, allowing this cause to be maintained as a class action and further that this Court will enter such other orders as may be necessary and proper under the premises.

## V.    CLAIM FOR RELIEF (42 USC §1983)

10. At all times pertinent hereto, the Defendants were acting or purporting to act under colon of State law.

11. By demanding and requiring the Plaintiff, and others, to pay into Court the amount of court costs and other fees in addition to the posting of an appeal bond, the Defendants have denied to the Plaintiff, and his class, the equal protection of the law under the 14th Amendment to the U.S. Constitution, and to due process under the 5th Amendment to the U.S. Constitution. These deprivations are uniformly visited upon the Plaintiff and his class in direct violation of the law, and are part of an ongoing and continuing plan or scheme.

12. The degree of the Plaintiffs wrongdoing is compounded by the fact that when, on appeal, the charges against the Plaintiff are dismissed, yet the Defendants refuse to refund the amounts paid.

WHEREFORE, THE PREMEISES CONSIDERED, the Plaintiff, individually, and on behalf of the class he represents, demands judgment as follows:

A. That this Court certify this action as a class action in accordance with the Alabama Rules of Civil Procedure;

B. An injunction prohibiting the Defendants from demanding, requiring or collecting court costs or other fees, other than an appeal bond when an appeal is taken from a decision of the Municipal Court of the City of Montgomery;

C. An Order or judgment ordering the immediate refund of all "costs", "fees", or other charges illegally extracted by the Defendants, with interest;

D. Such other relief to which the Plaintiffs and their class may be entitled under these premises.

Respectfully submitted this the 10th day of March, 2008.

_____
J. DOYLE FULLER (FUL005)
Attorney for Plaintiff and Plaintiff Class

LAW OFFICE OF
J. DOYLE FULLER, PC
2851 Zelda Road
Montgomery, Alabama 36106
(334) 270-0020
(334) 270-9848 fax

4

DEFENDANTS' ADDRESS:

CITY OF MONTGOMERY, ALABAMA
℅ Brenda Gale Blalock
City Hall
103 N. Perry Street
Montgomery, Alabama 36101-1111

PATRICK J. MURPHY
CITY ADMINISTRATOR
MONTGOMERY MUNICIPAL COURT
320 N. Ripley Street
Montgomery, Alabama 36101-1111

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004277
Cashier ID: brobinso
Transaction Date: 03/12/2008
Payer Name: J DOYLE FULLER PC
------------------------------------
CIVIL FILING FEE
 For: J DOYLE FULLER PC
 Case/Party: D-ALM-2-08-CV-000170-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 10600
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```