IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN ADRIAN YUNG, IV, individually and on behalf of all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) | CASE NO.: 2:08-CV-170-WC |
| ) Vs. ) ) | |
| CITY OF MONTGOMERY ALABAMA, AND PATRICK J. MURPHY, as City Administrator, ) ) ) ) | |
| Defendants. ) | |

## ANSWER

**COME NOW** the City of Montgomery and Patrick J. Murphy, City Administrator, Defendants in the above-styled action and for their Answer to Plaintiff's Class Action Complaint, state as follows:

Defendants answer the allegations in the Complaint by denying each and every allegation not expressly admitted herein.

### I.   JURISDICTION AND VENUE

The allegations under this heading are legal conclusions that do not call for a response by Defendants. To the extent that a response is required, Defendants deny any liability to Plaintiff and the purported Plaintiff Class under 42 USC §1983 and denies that Plaintiff is entitled to the requested relief.

### II.   PARTIES

1. The allegations of Paragraph 1 do not call for a response by Defendants. To the extent that a response is required, Defendants deny that Plaintiff is entitled to bring this action on behalf of the purported Class.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit the allegations contained in Paragraph 3.

### III. GENERAL FACTUAL ALLEGATIONS

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny same.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny same.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny same.

### IV. CLASS ACTION ALLEGATIONS

8. The allegations of Paragraph 8 do not call for a response by Defendants. To the extent that a response is required, Defendants deny that Plaintiff is entitled to bring this action on behalf of the purported Class.

9. Defendants deny that a class action is properly maintainable in this action:

   A. Defendants deny the allegations of Paragraph 9.A;

   B. Defendants deny the allegations of Paragraph 9. B;

   C. Defendants deny the allegations of Paragraph 9.C;

   D. Defendants deny the allegations of Paragraph 9. D;

   E. Defendants deny the allegations of Paragraph 9. E;

   F. Defendants deny the allegations of Paragraph 9. F;

   G. Defendants deny the allegations of Paragraph 9. G;

    H.    Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff or his counsel have any interests which might cause them not to vigorously pursue this action and therefore denies same. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's Counsel's experience in pursuing class actions or other actions with claims similar to those expressed in this case. Subject to the foregoing, Defendants admit that Plaintiff's counsel is experienced in the practice of law. Defendants deny the remaining allegations of Paragraph 9. H;

    I.    Defendants deny that Plaintiff is entitled to any of the relief requested regarding an order form the court to allow this case be maintained as a class action or any other requested relief. Defendants deny the remaining allegations of Paragraph 9. I.

### V.    CLAIM FOR RELIEF (42 USC §1983)

10. Admitted that Defendants were acting or purporting to act under color of state law.

11. Defendants deny all allegations contained in Paragraph 11.

12. Defendants admit that municipal court costs and witness fees were not refunded upon dismissal of a case on appeal. Defendants deny all remaining allegations in Paragraph 12.

Defendants deny that Plaintiff is entitled to the requested relief and demands strict proof thereof. Defendants request the court to dismiss with prejudice each and every count of Plaintiff's Complaint; enter a judgment in Defendants favor and against

Plaintiff on each and every court of Plaintiff's Complaint; and award defendants their costs in defending this action including a reasonable attorney's fee.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Plaintiff's Complaint without assuming the burden of proof for such defenses that would otherwise rest with Plaintiff:

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statute of limitations.

3. Defendant Murphy is entitled to qualified immunity against all of the Plaintiff's claims.

4. Defendants plead the general issue and state that they are not guilty of any of the claims made by Plaintiff.

5. Plaintiff has failed to state a claim upon which damages may be awarded.

6. At all times relevant to this action, Defendants were acting upon their reasonable understanding and belief of the requirements of the governing federal law and state law.

7. At all times relevant to the Complaint, the Defendants were operating in accordance with the laws of the State of Alabama.

8. Rule 30.3(b) of the Alabama Rules of Criminal Procedure permits the City of Montgomery to collect the costs incurred in the municipal court from a defendant seeking an appeal to the circuit court. Specifically Rule 30.3(b) provides:

> An appeal from the municipal or a district court for trial de novo in the circuit court shall be perfected by the timely filing of a written notice of appeal and the posting

> of a new bond in an amount fixed by the municipal or district judge, conditioned upon the defendant's appearance before the circuit court, as well as the payment of all costs incurred in the municipal or the district court and on appeal in the circuit court; provided, however, that the court may authorize the defendant's release on the defendant's personal recognizance without any undertaking relating to, or deposit of security in lieu of, an appearance and cost bond.

9. Plaintiff has failed to state factual allegations to support any claim brought pursuant to 42 U.S.C. Section 1983.

10. Plaintiff has failed to state a violation of any 14th Amendment equal protection rights.

11. Plaintiff has failed to state a violation of any 5th Amendment due process rights.

12. Plaintiff entered a guilty plea as charged and thereby agreed to and/or incurred the fines, costs and fees charged.

13. Plaintiff entered a guilty plea as charged and by virtue of such plea, has waived any right to deny the same.

14. Plaintiff's claims are barred by the doctrine of estoppel; Plaintiff entered a guilty plea as charged, thereby incurring the fines, costs and fees assessed and is thereby estopped from asserting that said fines, fees and costs were not due and payable.

15. Plaintiff cannot satisfy the requirements of numerosity, commonality, typicality and adequacy to certify a class in this action.

16. Defendants deny that Plaintiff is entitled to any judgment against it, or for any relief whatsoever.

17. Defendants reserve the right to amend these defenses as discovery proceeds in this matter.

Respectfully submitted this the 1st day of April, 2008.

                s/ H. Lewis Gillis
                **H. LEWIS GILLIS (GIL011)**
                **RAMADANAH M. SALAAM (SAL026)**
                **LATASHA A. MEADOWS (MEA020)**

**OF COUNSEL:**

**THOMAS, MEANS, GILLIS & SEAY, P.C.**
**3121 Zelda Court**
**P.O. Drawer 5058**
**Montgomery, Alabama 36106**
**(334) 270-1033**
**(334) 260-9396 (fax)**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the following has been served upon the following by electronic filing and by placing a copy of same in the United States mail, postage prepaid and properly addressed this the 2nd day of April, 2008.

                J. Doyle Fuller
                Law Office of J. Doyle Fuller, Esq.
                2851 Zelda Road
                Montgomery, Alabama 36106

                s/H. Lewis Gillis
                **OF COUNSEL**